IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Criminal No. 1:15cr33-HSO-JCG-1 |
| MICHAEL WAYNE HANZIK, JR. | § | |

**ORDER DENYING DEFENDANT MICHAEL WAYNE HANZIK, JR.'S MOTION [83] FOR COMPASSIONATE RELEASE**

**BEFORE THE COURT** is Defendant Michael Wayne Hanzik, Jr.'s Motion [83] for Compassionate Release. For the reasons that follow, the Motion [83] should be denied.

I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on August 25, 2015, Defendant Michael Wayne Hanzik, Jr. ("Defendant" or "Hanzik") pleaded guilty to Count 2 of the Indictment in this case, which charged that Hanzik,

> aided and abetted by others, known and unknown, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

Indictment [11] at 2.

On February 25, 2016, the Court sentenced Hanzik to a 240-month term of imprisonment as to Count 2, followed by three years of supervised release. *See* J.

[70] at 2. Hanzik is presently incarcerated at Federal Correctional Institution ("FCI") Talladega in Talladega, Alabama, and his projected release date is July 28, 2028. *See* Ex. [97-1] at 1.

On July 6, 2020, Hanzik filed a pro se Motion [83] for Compassionate Release, followed two days later by a letter [86] related to his request for early release. Hanzik relies upon his mother's cancer diagnosis and other medical conditions that weaken her immune system, *see* Ex. [83-1] at 4-5, and he states that "[i]t is not a matter of if she will pass soon, it's a matter of how soon," *id.* at 5. According to Hanzik, his mother is currently caring for his minor children, and "no one else in the family can take on raising [his] children" in her absence. *Id.* at 5. Hanzik asks to be released in order to assist with his mother's care, to take the burden of caring for the children off his mother's shoulders, and to ensure that the children will not become a burden upon the State. *See id.* at 6-7. In Hanzik's subsequent letter [86], he references COVID-19 and states that he wants to go home "to protect [his] children and mother before it gets too terribly bad." Letter [86] at 1.

Hanzik asserts that he "turned in a request for compassionate release" on May 6, 2020, but as of July 1, 2020, he had not received a response. *See* Mot. [83] at 1. Hanzik attaches to his Motion [83] an Inmate Request to Staff [83-1] dated May 6, 2020, which is addressed to "Warden via Beta A Unit Team" and requests compassionate release due to the "incapacitation of my mother who is the caregiver of my two biological children and my stepson." Ex. [83-1] at 2. As for the

disposition of the request, the copy provided by Hanzik states "Received 5/6/20 – JG," but the identity of "JG" is unclear.  *See id.*

The Government opposes Hanzik's Motion [83], arguing that it should be denied without prejudice because Hanzik has failed to exhaust administrative remedies.  *See* Resp. [89] at 7-10.  In the event the Court reaches the merits of the Motion [83], the Government takes the position that it should be denied because Hanzik has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction, because he poses a danger to the public, and because the 18 U.S.C. § 3553(a) factors weigh against his release.  *See id.* at 11-14.

Hanzik has filed a Reply [97] through counsel arguing that he "has done everything he can do [to] exhaust his remedies."  Reply [97] at 4.  Hanzik points to his May 6, 2020, "request to BOP staff," which was apparently subsequently denied, *see id.*, though it is unclear from the record when this original request was denied.  Hanzik appealed, *see id.*, and his Request for Administrative Remedy was dated July 16, 2020, and marked received by the FCI Talladega Warden's Office on July 20, 2020, *see* Ex. [97-3] at 1.  The Warden, Cheron Y. Nash, denied the Request for Administrative Remedy on July 23, 2020.  *See id.* at 2.  Hanzik claims in his Reply [97] that he appealed the Warden's denial, and he attaches a Regional Administrative Remedy Appeal form dated August 3, 2020.  *See* Reply [97] at 4; Ex. [97-4] at 1.  According to Hanzik, he had not received a response to this last appeal as of the October 23, 2020, filing date of his Reply [97].  *See* Reply [97] at 4.  Hanzik maintains that he satisfied the exhaustion requirements.  *See id.*

On the merits, Hanzik argues that the COVID-19 pandemic warrants his release to home confinement, *see id.* at 4-15, and that his circumstances warrant compassionate release, *see id.* at 15-17. Hanzik "seeks compassionate release primarily because of the need to provide care to his children," *id.* at 15, who are currently in his mother's custody, who is "in dire health," *id.* at 16. Hanzik asserts that no other family member is available to assume custody. *See id.* Hanzik further argues that his own medical conditions, specifically asthma and a heart murmur, present extraordinary and compelling circumstances warranting compassionate release, and that he is not a danger to the public. *See id.* at 16-18.

## II.  DISCUSSION

A. <u>Relevant legal authority</u>

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)   in any case—
>     (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in

>> section 3553(a) to the extent that they are applicable, if it finds that--
>> (i)     extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 567 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *Id.*

B.   <u>Whether Hanzik has shown the lapse of 30 days from the Warden's receipt of the request</u>

One route by which a defendant can file a motion in district court under § 3582(c)(1)(A)(i) permits a defendant to file such a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Hanzik's initial Motion [83] for Compassionate Release appeared to assert that such a lapse had occurred. According to Hanzik, he "turned in a request for compassionate release" on May 6, 2020, but as of July 1, 2020, which was the date he signed his Motion [83], he had not received a response. Mot. [83] at 1.

This Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request and BOP has not taken any action on it. *See, e.g., United States v. Butler*, No. 1:18-cr-48-HSO-JCG-1,

2020 WL 6491279, at *2 (S.D. Miss. Nov. 4, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020).  In this case, there is no indication in the record when the Warden actually received Hanzik's request, and there is no evidence establishing whether the BOP failed to take action within 30 days of the Warden receiving Hanzik's request, particularly given that Hanzik's Reply [97] acknowledges that his request was ultimately denied.  *See* Reply [97] at 4.  Therefore, Hanzik has not shown "the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility" prior to the date he filed his Motion [83] in this Court.  18 U.S.C. § 3582(c)(1)(A) (emphasis added).

C.   Whether Hanzik has shown the exhaustion of administrative remedies

Under the second approach, a defendant must "fully exhaust[ ] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . ."  18 U.S.C. § 3582(c)(1)(A).  Under the plain language of the statute, a court can modify a term of imprisonment only if a defendant files a motion "after" he has fully exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).  In this case, Hanzik did not fully exhaust his administrative remedies prior to filing his Motion [83] for Compassionate Release.

Hanzik originally stated that he never received a response from the Warden to his original May 6, 2020, request, *see* Mot. [83] at 1, but his Reply [97] acknowledges that the request was denied, although it does not state when that occurred, *see* Reply [97] at 4.  Based upon the statements in Hanzik's Reply [97] and the attached Exhibits which reflect his administrative appeals, the Warden did eventually receive and deny Hanzik's request for compassionate release on an

unknown date. Hanzik was therefore subject to the four-step BOP grievance process as described in 28 C.F.R. §§ 542.13 through 542.15. *See Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *see also* 28 C.F.R. § 542.10 (explaining that the Administrative Remedy Program outlined in 28 C.F.R. §§ 542.10 through 542.19 applies to all people incarcerated in institutions operated by BOP).

Under this process,

> [a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response . . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

Based upon the record before the Court, the last step Hanzik appears to have taken with the BOP was appealing the Warden's denial to the Regional Director on August 3, 2020. *See* Ex. [97-4] at 1; Reply [97] at 4. Pursuant to 28 C.F.R. § 542.18, once an appeal is filed, a response shall be made by the Regional Director within 30 calendar days, with extensions permitted. *See* 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

Hanzik states in his October 23, 2020, Reply [97] that he had not received a response from the Regional Director, but he has not shown that he attempted to appeal to the General Counsel. *See* 28 C.F.R. § 542.15(a) (setting forth the BOP's Administrative Remedy Procedure, which would entail appealing the Regional

7

Director's decision to the General Counsel of the BOP); 28 C.F.R. § 542.18 (permitting an inmate to consider the absence of a response to be a denial). Therefore, Hanzik has not shown that he has fully exhausted all administrative rights to appeal the Warden's denial of his request through the four-step BOP grievance process. *See* 18 U.S.C. § 3582(c)(1)(A). While Hanzik contends that he "has made all reasonable efforts to exhaust his administrative remedies in pursuit of compassionate release," Reply [97] at 4 (emphasis removed), he has not completely exhausted his remedies.

Even if Hanzik were somehow found to have now exhausted his administrative remedies, Hanzik's appeals were filed after he filed his Motion [83] for Compassionate Release. *See* Ex. [97-3] at 1 (appeal dated July 16, 2020); Ex. [97-4] at 1 (appeal dated August 3, 2020); *see also* Mot. [83] (dated July 1, 2020). Hanzik has not cited any controlling authority which would permit a "placeholder" motion such as this one to be filed before a defendant has completely exhausted his administrative remedies. Rather, the Fifth Circuit has held that the statute specifies "in clear language" "what a defendant must do *before* [he] files a motion for compassionate release in federal court," which is "submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *Franco*, 973 F.3d at 468 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). Because Hanzik did not comply with the statute's exhaustion requirement before he filed his Motion [83] for Compassionate Release, his Motion [83] should be denied for failure to exhaust administrative remedies.

8

D.  Merits of Hanzik's Motion

Even if Hanzik were found to have exhausted his administrative remedies, the Court finds that his Motion [83] for Compassionate Release should also be denied on the merits.

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In considering district courts' denials of similar motions, the Fifth Circuit has considered the policy statement issued by the Sentencing Commission at United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. *See, e.g.*, *United States v. Smith,* 828 F. App'x 215, 216 (5th Cir. 2020) (citing U.S.S.G. § 1B1.13, p.s.). Under § 1B1.13(1)(A), a reduction is appropriate when, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, a court determines that extraordinary and compelling reasons warrant a reduction, and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13.

According to Application Note 1 of § 1B1.13, the following are deemed extraordinary and compelling reasons warranting a reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. Relevant "family circumstances" include "[t]he death or incapacitation of the caregiver of the defendant's minor child or

minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii). "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D).

In this case, Hanzik argued in his original Motion [83] that his mother's illness warranted his release. *See* Ex. [83-1] at 4-5. Hanzik sought release both in order to assist with his mother's care and because his mother is currently caring for his minor children. *Id.* at 5-7. In Reply [97], Hanzik cited his need to provide care to his children who are purportedly in his mother's custody, *see* Reply [97] at 15, as well as his own medical conditions and the COVID-19 outbreak, *see id.* at 16-17.[1]

Even if Hanzik has presented evidence of an extraordinary and compelling reason under § 3582(c)(1)(A), the Court is not persuaded that the § 3553(a) factors weigh in favor of his release based upon the record before it. These factors include the nature and circumstances of the offense and the history of the defendant, as well as the consideration of the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide the defendant with needed education, training, and treatment. *See* 18 U.S.C. § 3553(a).

---

[1] Hanzik did not ask the Warden for compassionate release with respect to his own medical issues, and to the extent Hanzik did not initially seek release from the BOP based upon his own medical conditions, he arguably has not exhausted his administrative remedies on this basis as well. *See* Ex. [83-1] at 2-7.

According to the Presentence Investigation Report ("PSR") prepared in this case, Hanzik has a rather lengthy criminal history, particularly considering his relatively young age of 27 at the time of sentencing, with a criminal history score of 10.  *See* PSR [68] at 2, 16-22 (filed under seal).  Hanzik also "committed the instant offense while under a criminal justice sentence for auto burglary, burglary of a dwelling, escape, and grand larceny . . . ." *Id*. at 22.  Based upon a total offense level of 39 and a criminal history category of V, the Guidelines imprisonment range for Hanzik was 360 months to life.  *See id*. at 28.  However, because the maximum statutory sentence the Court could impose was 20 years, Hanzik's Guidelines term of imprisonment was capped at 240 months.  *See id.*

Hanzik received the benefit of the statutory cap and was sentenced by this Court to 240 months imprisonment.  His sentence computation began on February 25, 2016, *see* Ex. [97-1] at 1, meaning that he has now served just over 57 months, or less than one-fourth, of the imposed term of imprisonment.  With credits received, Hanzik's projected release date is July 28, 2028, *see id.*, such that he has at this point served slightly more than one-third of his sentence.  The Court finds that releasing Hanzik from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence.  *See* 18 U.S.C. § 3553(a).  For these reasons as well, Hanzik's Motion [83] is not well taken and should be denied on the merits.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Michael Wayne Hanzik, Jr.'s Motion [83] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 1st day of December, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE